Chief Justice Robertson
delivered the Opinion of the Court.
Again, the constitutionality of the Bank of the Commonwealth, is questioned in this case, and in a manner that must fairly test it.
If the facts alleged in the plea be admitted by the demurrer, the Bank of the Commonwealth is undoubtedly unconstitutional. But we are of the opinion, that the act of assembly establishing that Bank, should be deemed a public statute, of which the courts of this state are bound to take judicial notice; — and therefore, the demurrer admitted no allegation which was inconsistent with the Charter of the Bank.
One of the most material averments made in the plea, is that, the capital of the Bank of the Commonwealth is altogether fictitious and nominal, and that the notes which were issued by the Bank, were not only loaned by the State of Kentucky, and for her exclusive benefit, and for the purpose of creating a -paper currency, but were issued and circulated on the credit of the ¡átate, and not on the credit of the corporation or of its capital. But the charter contradicts that averment; for its shows,that an actual and available fund was created and pledged, as the capital stock of the corporation, and that the notes of the Bank were issued and circulated on the credit of the *151 corporation; and the history of that institution proves, that the extreme depreciation of its notes was the consequence of a general want of confidence in the sufficiency and suitableness of the fund pledged for their redemption.
The definition of “Bills of Credit” by the S. C. of U. S. — the usage of the States, longacquiesedin and decisions of former judges of this court — doubt ful as the several points may be in the minds of the present judges— are deemed conclusive on them: forbidding that they should now declare the charter unconstitutional, or debato the question.
This fact being conceded, it would be difficult to prove, that the notes of the Bank of the Commonwealth were “bills of credit,” unless_ the Supreme Court of the United States has given an inaccurate definition of such bills in the Missouri case, or even unless the notes issued by every State Bank corporation, are “bills of credit.”
Now, whatever might be thought of the question had it never been judicially decided, the definition given of a bill of credit by the National Supreme Court, and the long and general recognition of the power of the States to incorporate companies with authority to issue bank notes, or bills of credit, and the repeated recognitions by our predecessors, of the constitutionality of the Bank of the Commonwealth — (respecting all of which we should have had much doubt,) are sufficient authority for concluding the judgment of this court. Therefore, we have hitherto forborne to discuss this important question, and shall not now attempt a discussion which we should consider altogether inappropriate and superfluous. Wherefore the plea in this case must be deemed insufficient, and therefore, the judgment of the court overruling the demurrer to it, must be reversed, and the cause remanded, with instructions to sustain the demurrer to the plea.